James Edward **CLAYTON** et al.,
Petitioners-Appellants,

v.

Clarence **JONES**, Sheriff, Dallas County,
Texas, Respondent-Appellee.

No. 72–2413.

United States Court of Appeals,
Fifth Circuit.

July 13, 1972.

James Edward Clayton, pro se.

Henry Wade, Dist. Atty., Dallas, Tex., Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN,[*] Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

James Edward Clayton has filed a motion in this Court on behalf of himself and the class he purports to represent, seeking leave to appeal *in forma pauperis*[1] from the district court's peremptory denial of his Civil Rights complaint. We grant the motion and summarily vacate the order appealed from, and remand the cause for further proceedings.

In June of 1971 Clayton filed an action pursuant to 42 U.S.C. § 1983 et seq. on behalf of himself and other similarly situated inmates of the Dallas County Jail, complaining of the denial by prison officials of hearings comporting with due process standards prior to the placing of inmates in solitary confinement, postponing their release dates, and making notations on their records relative to suspected homosexual actions. He also contended that the conditions maintained in the isolation cells were violative of the Eighth Amendment proscription against cruel and unusual punishment. A mandatory injunction as well

---

[*] Chief Judge Brown did not participate in this opinion.

1. 28 U.S.C. § 1915.

as exemplary and punitive damages were sought.

Without calling for a response or conducting an evidentiary hearing the district court dismissed the action on May 1, 1972, on grounds that a class action (Taylor v. Sterrett, 344 F.Supp. 411) was pending in that court wherein the conditions existing at the Dallas County Jail were being judicially reviewed. To the district court's order was appended a copy of the notice entered in Taylor v. Sterrett on March 17, 1972, advising all of the inmates at the jail of their right to enter an appearance through counsel. The notice states that:

"The Defendants are charged with having failed to maintain the County Jail in a manner consonant with the United States Constitution and with other federal standards, in that, persons confined in the jail have suffered from inadequate food, inadequate light and heat, a lack of recreational facilities, a lack of adequate facilities for conferences with attorneys, a lack of adequate sanitation facilities, a lack of adequate medical attention, a lack of privacy, overcrowding, the danger of beatings, sexual attacks, improper solitary cells, and other forms of intimidation resulting from an inadequate guard system."

While it is obvious from the above-quoted passage that Clayton has no right to maintain a separate action with respect to his complaints of sub-standard conditions in the solitary cells, it also seems clear that Clayton's allegation of being denied Constitutionally adequate hearings presents a cause of action distinct from that in *Taylor*.

We therefore summarily vacate the order dismissing Clayton's complaint for further consideration of the issues raised that have not been presented in Taylor v. Sterrett. We deem it proper to take summary action in this matter in order that the district court may consolidate this case with the other one if it so chooses.

Vacated and remanded.